158 N.J. Super. 124 (1978)
385 A.2d 896
STATE OF NEW JERSEY, DEPARTMENT OF TRANSPORTATION, DIVISION OF AERONAUTICS, PLAINTIFF-RESPONDENT,
v.
RICHARD GREENE, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued December 12, 1977.
Decided April 7, 1978.
*125 Before Judges CONFORD, MICHELS and PRESSLER.
Mr. John F. Jennings argued the cause for defendant-appellant (Messrs. Jennings & Waxman, attorneys).
Mr. Steven A. Tasher argued the cause for plaintiff-respondent (Mr. William F. Hyland, Attorney General of New Jersey, attorney.)
PER CURIAM.
Defendant appeals from a fine of $50 imposed upon him by the county district court on the complaint of the State, by the Department of Transportation, Division of Aeronautics, for failure to register an aircraft owned by him pursuant to the requirements of N.J.S.A. 6:1-65. Defendant concedes he is subject to the statute, his aircraft being "based" in Hanover Township, but challenges the validity and continued subsistence of the statute on two grounds: (1) federal preemption of registration of aircraft *126 under the Federal Aviation Act of 1958, 49 U.S.C.A. § 1401 et seq.; (2) implied repeal of the aircraft registration statute by virtue of alleged subsequent repeal of statutes for assessment of personal property taxes and of business personal property taxes. We conclude neither basis for attack upon the state registration statute has merit, and we affirm.
The state statute for registration of aircraft provides that the registration fees called for by the act "shall be in lieu of any assessment or personal property tax imposed by the laws of this State." Aside from the penalties provided for failure to apply for registration and pay the required fee, the registration statute contains no specific substantive measures relative to registration vel non. However, as pointed out by the Attorney General, New Jersey has extensive statutory and administrative regulations pertaining to aerial navigation, see N.J.S.A. Title 6, Aviation, passim, and the registration requirements of N.J.S.A. 6:1-65 undoubtedly aid the regulatory administrative authorities in the performance of their duties. Thus the registration statute not only constitutes a revenue measure but also is an integral part of the state regulatory apparatus relative to the operation of aircraft based in the State.
In view of the foregoing, we find no basis for a contention that the federal aircraft registration statute preempts that of the State. The only expressly stated consequence of federal registration is as "conclusive evidence of nationality for international purposes, but not in any proceeding under the laws of the United States." 49 U.S.C.A. § 1401(f). Registration is not evidence of ownership in a proceeding in which ownership is in issue. Ibid. Closely related in the federal legislative scheme, however, are the sections in the same federal statute concerning recordation of instruments involving title or encumbrances on aircraft. § 1403 et seq. These do have qualified preemptive effect. See Southern Jersey Airways v. Nat'l Bk. of Secaucus, 108 N.J. Super. 369 (App. Div. 1970). But the preemptive effect thereof is confined to the operation of the statute as a comprehensive *127 single system of constructive notice of instruments of or affecting title to aircraft. 108 N.J. Super. at 377.
It is evident that the registration of aircraft under the New Jersey statute for the limited purposes noted above in no way "stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress" in enacting the federal registration provisions. See Jones v. Rath Packing Co., 430 U.S. 519, 526, 97 S.Ct. 1305, 1309, 51 L.Ed.2d 604, 614 (1977); nor does the coexistence of both registration statutes impair "federal superintendence" in the federal sphere. City of Philadelphia v. State Dept. of Environ. Prot., 73 N.J. 562, 569 (1977).
Defendant's argument as to implied repeal of the registration statute is completely without merit. While it is true that N.J.S.A. 54:4-9, calling for assessment of taxable personal property used in business, was repealed by L. 1966, c. 138, § 12, the repealer was only with respect to such property used in business for the year 1968 and thereafter. N.J.S.A. 54:4-2.52 and 2.53. Moreover, the Business Personal Property Tax Act, enacted by L. 1966, c. 136, N.J.S.A. 54:11A-1 et seq., which defendant claims to have been abolished in 1976, was abrogated only prospectively as of January 1, 1977 for all machinery or equipment acquired on or after the effective date of the act, and it continues in force and effect for all property acquired prior thereto. N.J.S.A. 54:11A-3.1. Thus we find fully dissipated the factual foundation for defendant's argument that since the aircraft registration statute is in lieu of personal property business taxes the abolition of the latter signifies a legislative intent to repeal the registration requirement. In any event, implied repealers of statutes are not judicially favored. Loboda v. Clark Tp., 40 N.J. 424, 435 (1963). Here, as noted above, the registration statute serves a significant purpose beyond that of raising revenue. Moreover, legislative amendment of the registration statute as late as 1971 (L. 1971, c. 301), five years after the partial repeal of the personal property tax laws, further evidences the legislative intent to maintain the *128 viability of the registration statute notwithstanding intervening modification of the tax laws.
Judgment affirmed.